| | |
|---|---|
| 1 | KEVIN V. RYAN (CASBN 118321)<br>United States Attorney |
| 2 | |
| 3 | MARK KROTOSKI (CASBN 138549)<br>Chief, Criminal Division |
| 4 | ROBIN L. HARRIS(CASBN 123364)<br>Assistant United States Attorneys |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102<br>Telephone: (415) 436-7016 |
| 7 | Attorneys for Plaintiff |
| 8 | United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CR No.: 06-0672 WHA |
| Plaintiff, | | |
| v. | | STIPULATED PROTECTIVE ORDER |
| STEVEN DONNELLY, | | |
| Defendant. | / | |

The United States, through its counsel Assistant United States Attorney, Robin L. Harris, and defendant Steven Donnelly, though his counsel Assistant Federal Public Defender Josh Cohen, hereby stipulate to the terms of the following protective order regarding certain discovery items in this case.

1. During the course of discovery in the above-captioned criminal case, the United States will produce and may continue to produce documents which are filed under seal with the Court, either through prior Court order or because the materials constitute proprietary information of either AT&T, Verizon, UCSF or represent grand jury transcripts generated during the grand jury proceedings in this case.

2. The United States and defendant deem it appropriate to provide for the protection of such sealed information.

3. In recognition of the parties' joint agreement that it is necessary and appropriate to protect such information from public disclosure, the United States and defendant Donnelly agree to the issuance of a protective order. Accordingly,

IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendant Donnelly and his counsel, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States, while reserving the question of how such material and information should be handled at trial and during pre- or post-trial hearings.

1. Definitions:

a. "Sealed Material" shall include the following: (1) All search warrant affidavits, search warrants, search warrant return forms, and their attachments, which were filed under seal and have not been unsealed by an unsealing order; and (2) All transcripts of grand jury proceedings (3) Any items which refer or relate in any way to the bid process, selection process or information contained on any document or computer image referring or relating to the NGMAN project. "Sealed Material" specifically includes evidentiary items seized during the execution of search warrants.

2. The above-referenced materials designated as Sealed Material which are produced by the government in this criminal case shall be retained by counsel for defendant and shall remain in the custody of counsel for the defendant, not the defendant or any person designated in subparagraph 2(a) and 2(b) herein, and shall not be shown to **anyone other than**: (a) counsel for defendant and the defendant; (b) the staff supporting counsel for defendant in the above-captioned case, such as investigators, paralegal assistants, secretarial, stenographic, and clerical employees who are working on this case under the direction of counsel for defendant and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. All such material shall be used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be disseminated to

1 the press or used for any economic benefit for any entity or person or used for any purpose other
2 than to defend Mr. Donnelly. Any filing which attaches any of the sealed materials shall be filed
3 under seal with the Court and kept under seal until further order of the Court.

4     3. The United States will similarly restrict access to the above-referenced materials
5 designated as Sealed Material to: (1) attorneys for the U.S. government authorized by federal
6 rules and regulations to have access to the material; (2) law enforcement agents authorized by
7 federal rules and regulations to have access to the material; and (3) the staff supporting the
8 prosecution in the above-captioned case, such as paralegal assistants, secretarial, stenographic,
9 and clerical employees who are working on this case under the direction of the attorneys for the
10 U.S. government. In addition, the United States agrees that all Sealed Material will be used
11 **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for
12 no other purpose whatsoever, and shall not be disseminated to the press or used for economic
13 benefit by attorneys for the government, law enforcement agents, or the support staff supporting
14 the prosecution in the above-referenced case.

15     4. The United States and the defendant, and his counsel, further agree not to disseminate
16 evidentiary items, or images of evidentiary items, to any person, business entity or to the media
17 in this case, unless and until such items become a part of the publicly filed court record in this
18 case.

19     5. The United States and defendant and his counsel in the above-captioned case may not
20 disclose Sealed Material to any other person without prior Court approval and notice to opposing
21 counsel in advance of any additional disclosure.

22     6. Nothing herein shall prevent either the United States or the defendant and his counsel
23 from using the Sealed Material or from referring to or reciting from any information contained in
24 such Sealed Material in connection with pleadings or motions filed in this case, provided that the
25 Sealed Material itself is only filed under seal and/or submitted to the Court for <u>in camera</u>
26 inspection. The use of Sealed Material at trial or pre-or post-trial hearing will be resolved at or
27 before the time of the trial or hearing.

28     7. Violation of this Stipulated Protective Order may be punishable by contempt of court,

whatever other sanction the Court deems just, and/or any other sanctions which are legally available.

DATED: October 31, 2006                        KEVIN V. RYAN
                                                        United States Attorney

_____/S/_____
ROBIN L. HARRIS
Assistant United States Attorney

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned defendant and his counsel in the above-captioned case, 06-672 WHA, hereby acknowledge that they have received a copy of the Stipulated Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order.

DATED: October 31, 2006                       _____/S/_____
                                            JOSH COHEN
                                            Attorney for Steven Donnelly

DATED: October 31, 2006                       _____/S/_____
                                            STEVEN DONNELLY
                                            Defendant

IT IS SO ORDERED.

_____
WILLIAM ALSUP
United States District Judge

4